NOT FOR PUBLICATION

FILED

APR 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACQUELYNN NICKLER, | No. 15-16051 |
| Plaintiff - Appellant, | D.C. No. 2:14-cv-1907-JCM-CWH |
| v. | |
| COUNTY OF CLARK, et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 15, 2016
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and HELLERSTEIN,** Senior
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Jacquelynn Nickler appeals from the district court's denial of a preliminary injunction. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). We affirm.

1. We review the ultimate denial of a preliminary injunction for an abuse of discretion, assessing de novo whether the court applied the correct legal standard and then determining whether the application of that standard was illogical, implausible, or without support in the record. *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012). "When a district court denies a preliminary injunction because there is no likelihood of success on the merits, we review [that] decision de novo." *Inland Empire Public Lands Council v. Schultz*, 992 F.2d 977, 980 (9th Cir. 1993); *see also Associated Gen. Contractors of Am. v. Metro. Waster Dist. of S. California*, 159 F.3d 1178, 1180 (9th Cir. 1998). The District Court did not abuse its discretion in denying a preliminary injunction to bar the Clark County judges from continuing to require Nickler to submit to security measures applicable to all members of the public entering the Clark County Regional Justice Center ("RJC"). Courthouse personnel in charge of security reasonably held Nickler to be a security threat, based on her intemperate comments following the Sandy Hook Elementary School shootings. They did not have to change their decision because a committee of her employer, the District Attorney, gave her a Certificate of Fitness, after a period of suspension, to continue her employment.

2.     To succeed on a motion for a preliminary injunction, a plaintiff must demonstrate that it meets four criteria. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). The preliminary injunction must be in the public interest, and likely prevent irreparable harm; the balance of equities must tip in plaintiff's favor; and plaintiff must be likely to succeed on the merits. *Id*. Nickler failed to show a likelihood of success on the merits of her § 1983 claims or other claims, as discussed below.

3.     In determining Nickler's likelihood of success on the merits, the District Court did not err in holding that Nickler's Fourth Amendment rights were not violated. All members of the public who came into the RJC were searched to protect courthouse security. Searches of public employees are judged by a standard of reasonableness under all the circumstances. *See O'Connor v. Ortega*, 480 U.S. 709, 725-26. (1987) (plurality). Nickler conceded that the searches, as applied to the public, were reasonable. Although employees were allowed to enter without being searched, Nickler did not have a Fourth Amendment right to be excused from search requirements that are typical of searches required to enter courthouses. *See, e.g.*, *Klarfeld v. United States*, 944 F.2d 583, 586 (9th Cir. 1991) (upholding similar search of attorney at courthouse entry); *McMorris v. Alioto*, 567

F.2d 897, 900 (9th Cir. 1978) (upholding similar search of general public at courthouse entry).

4.    The District Court did not err in holding that Nickler's Fourteenth Amendment rights to equal protection and due process of law were not violated. With respect to equal protection, Nickler alleges no membership in a protected class. Moreover, to the extent her claim is based on a "class-of-one" theory of equal protection, such claim "has no place in the public employment context." *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 594 (2008). As to her due process claim, Nickler did not establish a property right that was infringed. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1971) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . He must, instead, have a legitimate claim of entitlement to it.").

5.    The District Court did not err in determining that the security protections applied against Nickler were not violations of the First Amendment, as her statement did not involve a matter of public concern, or alternately involved a threat. *See Rendish v. City of Tacoma*, 123 F.3d 1216, 1219 (9th Cir. 1997) ("To be protected by the First Amendment, a public employee's speech must involve a matter of public concern."); *Lovell ex rel. Lovell v. Poway Unified Sch. Dist.*, 90

F.3d 367, 371 (9th Cir. 1996) ("In general, threats are not protected by the First Amendment.").

7.     The District Court did not err in finding that Nickler is not likely to succeed on her *Monell* claim against Clark County.  She shows no formal government policy or longstanding custom or practice that was implicated, or final policy making authority that was involved or who ratified a subordinate's policy.  *See Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) citing *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).  Nor did the District Court err in finding that Nickler was not likely to succeed on the merits of her Nevada negligence claim, as she did not cite any law establishing that she was owed a duty in the negligence context.  *See Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008) (negligence claim must establish duty of care).

8.     The District Court did not abuse its discretion in finding that the other elements of the *Winter* test weighed in favor of denying the injunctive relief. Because Nickler failed to show a likelihood of success on the merits, she also could not show that irreparable harm would likely result from failure to grant the injunction.  The public interest favors giving deference to those concerned about public safety in court houses and other public buildings.  And the balance of

equities also favors concerns of public safety over personal sensitivities and convenience of individuals.

**AFFIRMED.**